IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DERRION L. CLAY
      Petitioner,

v.                                                          Case No. 5:24cv155/TKW/MAL

WARDEN GABBY,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This case is before me upon referral by the Clerk after Petitioner failed to respond to an Order to Show Cause regarding the payment of the filing fee in this case.

      Petitioner Derrion Clay initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 dated July 15, 2024. ECF No. 1. On July 24, 2024, the undersigned entered an order directing Petitioner to pay the $5.00 filing fee or file a motion to proceed *in forma pauperis* with supporting documentation. ECF No. 5. Petitioner was instructed to comply or before August 23, 2024, and he was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed. Petitioner did not respond.

      On September 3, 2024, the Court issued an order directing Petitioner to show cause why this case should not be dismissed due to Petitioner's failure to comply with or respond to the previous order. ECF No. 6. The show cause response was due

by September 17, 2024. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.      Petitioner's petition under 28 U.S.C. § 2241, ECF No. 1, be **DISMISSED** without prejudice.

2.      The clerk be directed to close the case file.

At Gainesville, Florida on September 24, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.